## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALUTIIQ INTERNATIONAL SOLUTIONS, LLC, )
)
         Plaintiff, )
  vs. )   Case No.: 2:11-cv-01104-GMN-PAL
)
DENNIS LYON; RUTH CHAVEZ LYON; )   **ORDER**
MELISSA SAN MARTIN; NATIVE AMERICAN )
FUNDS MANAGEMENT SERVICES; and )
OCEANIA INSURANCE CORPORATION, )
)
         Defendants. )
)

      Pending before the Court is Plaintiff Alutiiq International Solutions' ("Alutiiq") Motion for Default Judgment (ECF No. 27). Also before the Court are the motions styled as "Answer & Motion to Dismiss" (ECF No. 13) filed by Defendant Dennis "Joe" Lyon and the "Answer & Motion to Dismiss" (ECF No. 16) filed by Defendant Ruth Chavez Lyon, both in pro se.

      The documents filed by the Lyon Defendants are in the form of an Answer, not a Motion to Dismiss. Because they were styled as an "Answer & Motion to Dismiss," however, the clerk filed them as two separate documents each, one as an "Answer" and one as a "Motion to Dismiss." Nevertheless, even if the Lyon Defendants did intend their Answers to serve the dual function of a Motion to Dismiss, the documents fail to include in support any memorandum of points and authorities as required by Local Rule 7-2(a). Pursuant to Local Rule 7-2(d), "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Accordingly, to the extent that the documents filed by the Lyon Defendants were intended as motions to dismiss, the Court will deny them for failure to file points and authorities in support of the motion.

      Next, Plaintiff seeks an entry of default judgment against Defendants Native American

Funds Management Services ("NAFMS") and Oceania Insurance Corporation ("OIC") pursuant to Federal Rule of Civil Procedure 55(b)(2).  Under Rule 55(b)(2), a party must apply to the court for a default judgment after the clerk enters the party's default.  Here, the Clerk's Entry of Default against NAFMS and OIC was filed on August 18, 2011(ECF No. 23), at which time Defendants NAFMS and OIC had not entered an appearance, and had failed to plead or otherwise defend.  Defendants Ruth and Dennis Lyon had each filed an Answer, but were not yet represented by counsel. (*See* ECF Nos. 12, 15.)  However, almost a month after Plaintiff filed the instant Motion for Default Judgment, counsel for Defendants NAFMS and OIC filed a Notice of Appearance (ECF No. 30).  Counsel for NAFMS and OIC also represents Ruth and Dennis Lyon. (*See* ECF Nos. 30, 32.)  Although Defendants' counsel has implied that a motion to set aside the Clerk's Entry of Default is forthcoming (*see* Notice of Appearance, 2:1 n.1, ECF No. 30) none has been filed as of the date of this order.  Nevertheless, in the interest of judicial efficiency, the Court will deny the Motion for Default Judgment, without prejudice, so that Defendants NAFMS and OIC may properly address the Clerk's Entry of Default and file a motion to set aside the default, if they wish to do so.  Plaintiff is given leave to re-file the motion after the expiration of fourteen (14) days from the date of this order.

 **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 27) is **DENIED without prejudice**.  Plaintiff may re-file the motion after the expiration of fourteen days from the date of this order.

 **IT IS FURTHER ORDERED** that Defendant Dennis Lyon's Motion to Dismiss (ECF No. 13) is **DENIED**.

 **IT IS FURTHER ORDERED** that Defendant Ruth Lyon's Motion to Dismiss (ECF No. 16) is **DENIED**.

 DATED this 19th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge