UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALUTIIQ INTERNATIONAL SOLUTIONS, LLC, )<br>                                                                      )<br>                                  Plaintiff,         )<br>                                                                      )<br>vs.                                                             )<br>                                                                      )<br>DENNIS LYON, et al.,                                 )<br>                                                                      )<br>                                  Defendants.    )<br>_____ ) | Case No. 2:11-cv-01104-GMN-PAL<br><br>**ORDER** |

      The court held a dispute resolution conference in this matter on May 21, 2012, concerning Defendant Lyon's failure to produce complete responses to outstanding discovery requests. Mark Rosencrantz appeared telephonically on behalf of Plaintiff Alutiiq International Solutions, LLC, and Jeffrey Cogan appeared on behalf of Defendant Dennis Lyon.

      The court has held multiple dispute resolution and status conferences in this case in an attempt to compel Defendant Lyon to comply with his discovery obligations. The court initially heard oral argument on Plaintiff's Motion to Compel and for Sanctions (Dkt. #36) on February 14, 2012. The court granted the motion to compel directing counsel to meet and confer because counsel for Lyon claimed he had some question about the scope of the discovery requested. The court also directed counsel for Lyon to meet and confer with his client to impress upon him his discovery obligations and to provide complete responses to outstanding written discovery requests. The court specifically directed counsel to advise his client that he may face severe sanctions including case-dispositive sanctions if he failed to comply. *See* Minutes of Proceedings (Dkt. #44). The court ordered Defendant Lyon to supplement his document production and continued the matter for a status conference to resolve any disputes about the adequacy of his supplemental responses. The court directed counsel to

submit a joint status report before the hearing outlining their respective positions.

At the March 12, 2012, status conference, counsel for Lyon reported that his client produced a large number of documents to him March 2, 2012. However, the status report indicated that "Plaintiff is still waiting for a large number of documents to be produced." Counsel for Defendants represented that the Defendants had communicated with him and that they were traveling to other jurisdictions to obtain further documentation and would return to Las Vegas to provide the documents to defense counsel March 5, 2012. The representation was made that a pending criminal matter had previously limited Mr. Lyon's ability to travel. Counsel for Plaintiff requested significant sanctions, including monetary sanctions, and that Defendant's answer be stricken. An amended supplement to the Joint Status Report (Dkt. #49) was filed indicating that Lyon had again supplemented his discovery production, but had additional documents to produce. Counsel advised the court in the amended status report that Lyon had not responded to overdue additional discovery propounded by Plaintiff. Lyon committed to going to his counsel's office to address this discovery as well. Based on these representations, the court continued the matter for a further status hearing to allow Lyon to comply with his outstanding obligations as it appeared significant progress had been made. The court reminded counsel for Lyon and the other Defendants that sanctions would be imposed for continued failure to comply with outstanding discovery requests.

The vacation plans and subsequent death of defense counsel's former partner caused additional delay. In the March 30, 2012 Joint Status Report (Dkt. #53), defense counsel represented that he had received discovery responses from Defendant Native American Funding Management Services the day before which needed to be reviewed and supplemented because the person most knowledgeable had to research documents to respond to some of the interrogatories and find documents. Defense counsel also reported that on March 30, 2012, Lyon had provided responses to the second set of interrogatories and requests for production and the third set of interrogatories and requests for production. Defense counsel had agreed to work on March 31, 2012, "with the expectation of getting unverified responses to Alutiiq's counsel." Counsel for Alutiiq again requested significant sanctions, including monetary sanctions and striking Lyon's answer because of the "wide scope of requested documents that still have not yet been produced." Lyon's counsel agreed to file a supplement to the joint status report by April 2,

2012, showing the court the progress that was made over the weekend and to possibly obtain verifications to the discovery responses. No supplemental status report was filed by counsel for Lyon.

On April 3, 2012, the court held another status conference concerning the status of Defendant's discovery responses. *See* Minutes of Proceedings (Dkt. #57). Counsel for Lyon was unable to address, with specificity, questions posed by the court concerning whether Lyon had conducted a diligent search for responsive documents and what efforts had been made. As a result, the court directed the parties to schedule a telephonic deposition of Lyon to identify the location of relevant documents, what actions he took to locate relevant documents, and what documents exist that are responsive to Plaintiff's discovery requests. The court indicated that if, after Lyon was deposed, the parties still had a dispute concerning the adequacy of the Defendant's discovery responses, that a status and dispute resolution conference should be requested.

Plaintiff requested a status and dispute resolution conference on April 24, 2012. *See* Motion (Dkt. #62). The request attached substantial excerpts from Mr. Lyon's telephonic deposition and argued that despite repeated warnings by the court Lyon had failed to take substantive steps to obtain copies of numerous requested documents that the court ordered be produced long ago, and that counsel for Lyon agreed to produce long ago. The court granted the motion and initially set the matter for hearing May 8, 2012. The hearing was continued at the parties' request.

A Joint Status Report (Dkt. #66) was filed May 8, 2012. In it, counsel for Plaintiff reported that Lyon conceded at his deposition that he had not traveled to the Northern Mariana Islands to gather responsive financial information about Defendant Oceania and other entities located there, that he had not directed the companies' outside auditor to send him materials, and had not made any real effort to review documents he did produce to determine whether more documents should be gathered. For example, Lyon conceded at his deposition that he produced Oceania financial statements, but not the notes that explain them, and that he made no efforts to obtain the notes. Alutiiq again requested case-dispositive sanctions be levied. Counsel for Lyon's contribution to the Joint Status Report was a single line indicating he opposed Alutiiq's request.

At the May 21, 2012, hearing, counsel for Alutiiq requested case-dispositive sanctions in the form of a default judgment entered against Lyon for his discovery failures. Counsel for Lyon opposed

the request on the grounds the court had not previously issued a written order compelling Lyon to respond to Plaintiff's discovery requests.  The court inquired whether there was any question in counsel's mind that the court had compelled Lyon to provide full and complete responses to outstanding discovery served on Lyon.  Mr. Cogan acknowledged there was not.  The court also inquired whether there was any question that the court had warned Lyon that sanctions up to and including case-dispositive sanctions would be imposed if he failed to comply with his discovery obligations.  Again, Mr. Cogan acknowledged the court had done so, but not in a written order.  He requested one final opportunity for his client to comply if the court was inclined to grant Plaintiff's request.

The court entered an oral order from the bench giving Lyon until June 4, 2012, at 4:00 p.m., to provide full and complete responses to all of Plaintiff's outstanding discovery requests, indicating that if they were not provided a recommendation would be made to the district judge that default judgment be entered against Lyon.

Counsel for Plaintiff served its first set of interrogatories and requests for production on Lyon November 15, 2011.  After receiving Lyon's responses, extensive efforts were made by counsel for Plaintiff to obtain adequate and complete responses.  At issue during the first round of discovery disputes were the adequacy of Answers to Interrogatories Nos. 1, 4, and 6 through 12.  On December 21, 2011, counsel for Lyon agreed in writing to supplement the responses by January 6, 2012.  The email confirming the extension until January 6, 2012, thanked counsel for Plaintiff "for clearing everything up" and apologized for any confusion.  The responses were not forthcoming and counsel for Lyon requested another extension indicating Lyon was in North Dakota on business.  Counsel for Lyon estimated his client might be able to get responses in a week, but that this "is somewhat of a conjecture."  Counsel for Plaintiff responded that a open-ended extension was unacceptable, but granted a final extension until the close of business on Monday, January 16, 2012.  When no responses were received, counsel for Plaintiff again contacted Lyon's counsel to attempt to resolve the matter.  Counsel for Plaintiff was informed by Lyon's counsel that Lyon was not communicating with him, that counsel had no idea when Lyon could provide supplemental responses, and that counsel for Plaintiff should feel free to file a motion to compel.  The motion to compel soon followed.

1   The opposition to the motion to compel acknowledged that counsel for Lyon requested an open-ended extension because his client was "unavoidably detained in North Dakota." He declined to disclose why Mr. Lyon was unavoidably detained in North Dakota asserting his communications were subject to the attorney-client privilege. However, he indicated that he had communicated with two individuals in an attempt to obtain documents. The opposition maintained that Lyon "has nearly completely provided every discovery responsive as being sought" in the motion to compel, and that any additional responses were "de minimus in nature." Thus, sanctions should not be awarded.

Counsel for Lyon emphasized that he was unsure what was being requested because the motion referred to inadequate answers to interrogatories, but counsel for Plaintiff was insisting that his client produce responsive documents. Thus, counsel for Lyon professed that he was "somewhat unsure of what the motion to compel is requesting." The motion to compel attached Lyon's responses to Plaintiff's first set of interrogatories and responses to first requests for production, but the body of the motion referred to inadequate responses to interrogatories. For this reason, the court directed counsel to meet and confer at the hearing on the motion on February 14, 2012. The parties did so, and counsel for Lyon has not claimed that he had any question about what was being requested since that time. While it is true that the motion referred to specified interrogatories, it is equally clear that Plaintiff has always been requesting documents responsive to the interrogatories in dispute. The interrogatories ask for the identification of information. The requests for production of documents seek production of all documents that support, evidence, corroborate or are related to the answers to interrogatories. See, e.g., Lyon's Response to Request No. 3, 16, 17, 29, 30, 31, 32, and 33. Lyon objected to each of these requests for production with an identical objection:

> Pursuant to F.R.Civ.Pro. 26(b)(3)(B) Defendant asserts attorney mental sense impressions and opinion are immune from requiring Defendant from answering this interrogatory. Defendant contends that by asking which documents relate to the answer of this particular Interrogatory, Plaintiff is asking Defendant's counsel to determine which documents related to which facts of consequence that are raised in this Interrogatory. Without waiving this objection, Defendant states that all documents that may be responsive to this interrogatory have been provided through Defendant's previous disclosures or supplemental disclosures thereto and are not in the possession or readily available to Defendant.
>
> The Ninth Circuit Court of appeals in *Holmgren v. State Farm Mut. Ins. Co.,* 976 F.2d 573 (9th Cir. 1992) stated, "We agree with the several courts and

>commentators that have concluded that opinion work product may be discovered and admitted when mental impression are at issue in a case and the need for the material is compelling." *Id*., at 577.

The court has now conducted four status and dispute resolution conferences in an effort to compel Lyon to comply with his discovery obligations. When counsel for Lyon could not answer specific questions about the efforts his client made to conduct a diligent search for responsive records, the court directed that his deposition be taken to get to the bottom of his efforts to date. The court has carefully reviewed the extensive excerpts of Lyon's 120-page deposition. Although Lyon made some efforts, after being threatened with case-dispositive sanctions, to locate and produce responsive documents, he has not conducted a timely and diligent search for responsive documents in his care, custody and control. He clearly produced documents to his counsel without reviewing them. A cursory review of a number of exhibits produced during his deposition demonstrated that supporting materials were missing. For example, Lyon did not produce backup documentation and materials supporting financial statements, or request them from the outside accountant who prepared them. The statements contain explicit language that "the accompanying notes are an integral part of these statutory basis financial statements." Lyon did not supplement his answers to the discovery requests by specifying what efforts he had made to find documents responsive to the requests, or definitively state one way or the other whether responsive documents do or do not exist.

Rule 26(g) requires that a discovery response or objection must be signed by the attorney or by the party personally. "By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry" the disclosure is complete and correct at the time it is made. More than six months has elapsed since these discovery requests were initially served. Yet, at the time of his April 12, 2012, deposition, Lyon had still not conducted a diligent search and contacted the individuals and entities with responsive documents within his care, custody and control. Accordingly,

**IT IS ORDERED**:

1. Defendant shall supplement his answers to interrogatories and responses to the requests for production in dispute in the original motion to compel by producing all responsive documents on or before **4:00 p.m., Monday, June 4, 2012.** His responses shall specify

        what documents are responsive to which document requests. If he has requested responsive documents from an outside creditor, his bank or some other source but not received them, his response shall state <u>when</u> the documents were requested, to whom he made a request, and what response was received.

2. Failure to comply with this order will result in a recommendation to the district judge that a default judgment be entered against Defendant Lyon.

3. Reasonable costs and fees shall be assessed against Lyon and in favor of the Plaintiff for the necessity of filing the motion to compel and preparing for and attending the multiple status and dispute resolution conferences.

    a. Counsel for Plaintiff defendants shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing its motion, and preparing for and participating in the status and dispute resolution conferences. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

    b. Counsel for Defendant Lyon shall have 14 days from service of the memorandum of costs and attorneys' fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable

///
///
///
///

considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

Dated this 22nd day of May, 2012.

*[signature]*
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE