**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALUTIIQ INTERNATIONAL SOLUTIONS, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DENNIS LYON, et al., )<br>)<br>Defendants. )<br>) | Case No. 2:11-cv-01104-GMN-PAL<br>**ORDER**<br>(Memorandum of Fees - Dkt. #72) |

This matter is before the court on Plaintiff Alutiiq International Solutions, LLC's, Motion for Attorney Fees and Costs (Dkt. #72). The court has considered Plaintiff's Motion, Defendant Dennis Lyon's Opposition (Dkt. #75), and Plaintiff's Reply (Dkt. #76).

**BACKGROUND**

On January 24, 2012, Plaintiff filed a Motion to Compel and for Sanctions (Dkt. #36), seeking to compel Lyon to respond to Plaintiff's written discovery requests. The court held a hearing on the Motion to Compel on February 14, 2012. *See* Minutes of Proceeding (Dkt. #44). At the conclusion of the hearing, the court directed counsel to meet and confer, and also "strongly urged" Lyon's counsel to "persuade his client to provide the pending discovery documents or . . . face severe sanctions, which can include case-dispositive sanctions." *Id.* Additionally, the court ordered that Lyon's supplemental discovery responses to be made no later than March 6, 2012. *Id.* The court held a follow-up status conference on March 12, 2012. *See* Minutes of Proceeding (Dkt. #50). Lyon had still not completed his supplemental production, and the court scheduled a third status conference, noting that it would address the issue of sanctions at that time, and any sanctions would be based on Lyon's diligence. *Id.* At a status conference held April 3, 2012, the court directed Lyon to submit to a telephonic deposition regarding his compliance with Plaintiff's discovery requests. *See* Minutes of Proceeding (Dkt. #57).

On May 21, 2012, the court held a further status conference and ordered that Lyon had until June 4, 2012, by which to comply with the court's previous Orders to produce discovery or "face sanctions in the form of default judgment." Minutes of Proceeding (Dkt. #68). The court also entered a written Order (Dkt. #69) on May 23, 2012, outlining the history of Lyon's non-compliance with his discovery obligations and this court's Orders, granting Plaintiff's request for sanctions, and directing that reasonable costs and fees be assessed against Lyon in Plaintiff's favor for the necessity of filing the Motion to Compel and preparing for and attending the dispute resolution conferences. *Id.* at 7:7-9. The instant Motion followed.

## DISCUSSION

### I.     The Parties' Positions.

Plaintiff seeks an award of attorney's fees and costs incurred in preparing the Motion to Compel and attending the various dispute resolution conferences. The Motion, which is supported by the Declaration of Mark Rosencrantz, seeks $19,140.79, and attaches counsel's invoices for the relevant time periods and an invoice from the court reporting service retained for the court-ordered deposition of Lyon. Specifically, Plaintiff seeks the following fees and costs:

| Task | Fees |
| --- | --- |
| Research, draft, and revise Motion to Compel and Reply | $7,279.65 |
| Prepare for and attend discovery dispute resolution conferences: February 14, 2012; March 12, 2012; April 3, 2012; May 21, 2012 | $4,083.30 |
| Prepare for and take court-ordered deposition of Lyon; order transcript | $4,260.50 |
| Research, draft, and revise Motion for Attorney's Fees | $2.511.90 |
| Legal research costs | $79.79 |
| **TOTAL:** | **$19,140.79** |

Lyon opposes Plaintiff's Motion, asserting the time spent preparing the Motion to Compel is excessive. Lyon asserts attorney Rosencrantz's time is excessive because he spent 13.8 hours to prepare the Motion to Compel, which is only thirteen pages long. Although Rosencrantz billed for legal research, there is no case law other than Rule 37 of the Federal Rules of Civil Procedure cited in the Motion to Compel, and therefore, those costs are not reasonable. Lyon contends that seven hours to

prepare the Motion to Compel is the outside limit of what is reasonable. Additionally, Lyon asserts a paralegal should have prepared the ninety-two pages of exhibits attached to the Motion to Compel, and it would be unreasonable to award fees at an attorney's billing rate for this task. However, he argues that the paralegal's work on the Motion to Compel, which was completed six days after the Motion was filed, should not be approved. Lyon also argues the court should not award fees associated with Plaintiff's drafting responses to Defendants' discovery requests. Finally, Lyon contends the time spent on the Reply to the Motion to Compel is excessive because Mr. Rosencrantz spent 8.7 hours preparing a nine page Reply. Lyon will stipulate that one half of the time spent on the Reply is reasonable. Accordingly, Lyon asserts 11.5 hours billed are excessive, the amount sought should be reduced by $4.025.00, and at the outside, Plaintiff should only be permitted to recover $15,115.79.

Plaintiff replies that Lyon's Opposition is untimely pursuant to the court's Order (Dkt. #69), which required Lyon to file a response no later than fourteen days after Plaintiff filed its Memorandum. Lyon did not request an extension of time to comply or offered any explanation for the Opposition's lateness. With respect to the merits, Plaintiff contends the time spent on the Motion to Compel was reasonable, and it includes time spent writing and calling defense counsel to avoid filing the Motion to Compel in the first instance. Furthermore, Rosencrantz's time spent reviewing the exhibits attached to the Motion to Compel was essential because he had to segregate his time and highlight certain exhibits for the court. Plaintiff replies it should not be penalized for being thorough. Plaintiff withdraws its request for 0.3 hours spent responding to Defendants' written discovery requests, but counsel added in time spent drafting this reply. Thus, Plaintiff seeks $20.463.70 in attorney's fees.

**II.     Applicable Law and Analysis.**

Rule 37(a)(3) of the Federal Rules of Civil Procedure allows a party to bring a motion to compel a response to written discovery requests. Where that motion is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. *See* Fed.R.Civ.P. 37(a)(5)(c). Here, the court granted in part and denied in part Plaintiff's Motion to Compel. *See generally* Orders (Dkt. ##44, 70).

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of costs and fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Although the district court has

discretion in determining the amount of the fee award, it must calculate awards for attorneys fees using the "lodestar" method. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate. *Id*. The district court may, in rare cases, if the circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it. *Id*. These factors were set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). Relevant factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and results obtained; the undesirability of the case;[1] the nature and length of the professional relationship with the client; and awards in similar cases. *Id*. at n.1. In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho,* 523 F.3d at 978.

In calculating the lodestar award, the court considers the reasonable hourly rate in the relevant community–that is, the forum in which the case is pending. *Id*. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

The United States Supreme Court has recognized the inherent difficulty in determining an appropriate market rate for the services of a lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Traditional supply and demand principles do not ordinarily apply to prevailing market rates for the services of lawyers, and lawyers' hourly rates in private practice vary widely as do the type of services provided by lawyers, as well as their experience, skill, and reputation, varies extensively, even within a law firm. *Id.* The fee is usually discussed with the client and may be negotiated. *Id*. In determining the reasonableness of attorneys fees, the hourly rate is now generally recognized. However, "courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates."

---

[1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *Id.; see also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated on other grounds,* 984 F.2d 345 (9th Cir. 1993) (noting "[t]he *Dague* opinion can also be read as casting doubt on the relevance of a case's desirability to the fee calculation") (internal quotation marks omitted).

*Id*. In *Blum*, the Supreme Court stated that "[t]o inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorneys' own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

The Ninth Circuit has stated that affidavits of the fee applicant's attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, are satisfactory evidence of the prevailing market rate. *Camacho*, 523 F.3d at 980 (citing *United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)) (internal quotation marks omitted). However, the fee applicant's declaration does not conclusively establish the prevailing market rate. *Id*.

Here, the court has carefully reviewed Plaintiff's Memorandum in Support of Fees and finds that Mr. Rosencrantz's standard hourly rate, $375/hour for Mr. Rosencrantz is a reasonable hourly rate in this forum and reflect the customary hourly rates charged to clients in similar types of litigation. Counsel for Lyon does not dispute the reasonableness of Mr. Rosencrantz's requested hourly rate. The court has not approved any of Ms. Castillo's or Mr. Rosenfield's billed time and therefore makes no findings with regard to the reasonableness of either one's standard hourly rate.

**A.      Reasonable Fees for Motion to Compel.**

Plaintiff's counsel has billed thirty-four hours related to drafting the Motion to Compel for the following tasks: (a) reviewing Lyon's discovery responses precipitating the Motion to Compel; and (b) preparing, researching drafting, and editing the Motion to Compel and Reply. The court finds the following time billed is reasonable:

- Four hours Mr. Rosencrantz spent drafting the Motion to Compel.
- Two hours Mr. Rosencrantz spent reviewing Lyon's Response (Dkt. #40) and Errata (Dkt. ##41, 42) to the Motion to Compel.
- Two hours Mr. Rosencrantz spent drafting Plaintiff's Reply (Dkt. #43) to the Motion to Compel.

The court will not award fees associated with reviewing Lyon's discovery responses or complying with the meet and confer requirements mandated by Rule 37 of the Federal Rules of Civil Procedure or Rule 26-7(b) of the Local Rules of Civil Practice before a discovery motion may be filed.

### B. Reasonable Fees for Dispute Resolution Conferences.

Plaintiff's counsel has also billed for 8.9 hours preparing for and attending the four discovery dispute resolution hearings held by the undersigned. The longest conference on February 14, 2012, lasted approximately thirty minutes, and each of the other three lasted less than fifteen minutes. Counsel for Plaintiff was permitted to appear telephonically and therefore did not have travel time or costs associated with traveling to the hearings. The court finds the following fees are reasonable:

- Four hours Mr. Rosencrantz spent preparing for the hearing on the Motion to Compel and preparing for each of the three follow-up dispute resolution conferences, i.e., one hour of preparation time for each hearing, which includes time spent drafting the joint status reports.
- 1.3 hours, the total time Mr. Rosencrantz spent at the hearings.
- Two hours Mr. Rosencrantz spent reviewing the court's post-hearing Orders and Lyon's subsequent supplemental production, i.e., one half-hour following each hearing.

### C. Lyon's Court-Ordered Deposition.

Plaintiff's counsel billed 11.4 hours preparing for and taking Lyon's deposition. The court ordered the deposition taken because counsel for Lyon could not describe with specificity what efforts had been made to locate and produce responsive documents and felt that a brief deposition would clarify, narrow and potentially resolve a number of disputes. The deposition itself lasted 3.5 hours. The court finds the following fees are reasonable:

- Two hours Mr. Rosencrantz spent preparing for the deposition.
- 3.5 hours Mr. Rosencrantz spent taking the deposition.

### D. Motion for Attorney's Fees.

Plaintiff's counsel billed for the 6.6 hours he spent preparing the Motion for Attorney's Fees, a six-page Motion, supported by the affidavit of counsel and exhibits. The court finds the following fees are reasonable:

- Two hours Mr. Rosencrantz spent drafting the Motion for Attorney's Fees.
- One hour Mr. Rosencrantz spent reviewing invoices and preparing exhibits to the Motion for Attorney's Fees.

The court will not approve the fees associated with Plaintiff's Reply as the court's Order (Dkt. #69) did not ask for a reply.

### E. Costs.

The court finds the following costs are reasonable:

- Legal research in the amount of $79.79.
- Court reporter's fees for deposition of Lyon and transcript preparation of $669.50.

## III. Conclusion.

For all of the foregoing reasons,

**IT IS ORDERED:**

1. Plaintiff's Motion for Attorney's Fees (Dkt. #72) is GRANTED.
2. Plaintiff is awarded $8,925.00 in reasonable fees and $749.29 in reasonable costs associated with bringing the Motion to Compel, deposing Lyon, and preparing for and attending multiple dispute resolution conferences.

Dated this 17th day of September, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE