# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALUTIIQ INTERNATIONAL SOLUTIONS, LLC, )
                                                                          Plaintiff, )

vs.  )

DENNIS LYON, et al., )

                                                                           Defendants. )

Case No. 2:11-cv-01104-GMN-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

(Mtn for Sanctions - Dkt. #71)

This matter is before the court on Plaintiff Alutiiq International Solutions, LLC's, Request for Entry of Default Against Defendant Lyon (Dkt. #71), which was docketed by the Clerk of Court as a Motion for Sanctions Regarding Discovery. The court has considered Plaintiff's Motion for Sanctions, Defendant Dennis Lyon's Opposition (Dkt. #74), and Plaintiff's Reply (Dkt. #77).

**I.  Findings of Fact.**

In a prior Order, (Dkt. #69) entered May 23, 2012, the court described the history of the parties' discovery disputes at length, which will not be repeated. For purposes of this motion, the court makes the following findings of fact:

1. On November 15, 2011, Plaintiff served written discovery requests on Lyon. Lyon failed to provide full and complete responses, and on January 24, 2012, Plaintiff filed a Motion to Compel (Dkt. #36).

2. At the February 23, 2012, hearing on Plaintiff's Motion to Compel, court granted in part and denied in part the Motion and "strongly urged" defense counsel to persuade his client to provide the supplemental discovery documents no later than March 6, 2012, warning that if Lyon did not comply, he could "face severe sanctions, which include case-dispositive sanctions." *See* Minutes of Proceedings (Dkt. ##44); Order (Dkt. #70).

3. At the March 12, 2012, status conference, the court found Lyon had not complied with the court's February 23, 2012, Order and ordered him to supplement his discovery production. The court stated it would address Plaintiff's request for sanctions at the next status conference, warning that any sanctions imposed would consider Lyon's diligence in complying with his discovery obligations and the court's prior Order. *See* Minutes of Proceeding (Dkt. #50).

4. At the April 3, 2012, status conference, Lyon had still not fully responded to Plaintiff's discovery requests, and the court ordered him to submit to a telephonic deposition to identify any responsive documents, their location, and what effort Lyon made to locate them. *See* Minutes of Proceeding (Dkt. #57).

5. The parties filed a Joint Status Report (Dkt. #66) on May 8, 2012. In it, Plaintiff reported Lyon conceded at his deposition that he had not traveled to the Northern Mariana Islands to gather responsive financial information about Defendant Oceania Insurance Corp.'s ("Oceania") and other entities, had not directed the entities' outside auditors to send him documents, and had not made any real effort to review the documents he did produce to determine whether the production was complete. Lyon's contribution to the Joint Status Report was a single sentence indicating he opposed Plaintiff's request. *See* Joint Status Report (Dkt. #66); Order (Dkt. #69) at 3:13-26.

6. On May 21, 2012, the court held another status conference and ordered Lyon to produce supplemental discovery no later than 4:00 p.m. on June 4, 2012. Lyon's counsel acknowledged on the record that the court had previously compelled Lyon to provide full and complete discovery responses and had warned Lyon that sanctions, including case-dispositive sanctions, would be imposed if he continued to avoid his discovery obligations. *See* Order (Dkt. #69) at 4:2-7. The court warned Lyon at the hearing that if he failed to comply, the undersigned would recommend that to the district judge that default judgment be entered against him. *See* Minutes of Proceeding (Dkt. #68); *see also* Order (Dkt. #69) at 4:12-13.

///

7.     The court entered a written Order (Dkt. #69) on May 23, 2012, detailing the history of Lyon's non-compliance with his discovery obligations and memorializing the May 21, 2012, hearing. The Order explicitly warned Lyon, "Failure to comply with this order *will* result in a recommendation to the district judge that a default judgment be entered against Defendant Lyon." Order (Dkt. #69) at 7:5-6 (emphasis added).

8.     On June 4, 2012, at 3:15 p.m., Plaintiff's counsel, Mr. Mark Rosencrantz, called Lyon's counsel, Mr. Jeffrey Cogan, to inquire about the status of Lyon's supplemental production. *See* Declaration of Mark Rosencrantz at ¶4, attached to the Motion for Sanctions as Exhibit 1. Mr. Cogan advised Mr. Rosencrantz that the discovery responses were forthcoming but were "likely incomplete." *Id.*

9.     Mr. Cogan sent Plaintiff's counsel four emails between 4:10 p.m. and 4:32 p.m. on June 4, 2012, with Lyon's supplemental production. *Id.*

10.     Lyon admits he has not produced documents requested by Plaintiff relating to the financial conditions of Oceania's or Defendant OIC Marianas Insurance Corp.'s ("OIC") financial condition. *See* Opposition (Dkt. #74) at 3:10-13 ("Defendant Dennis Lyon does not deny he has yet to supply the requested documents").

## II. Plaintiff's Motion for Sanctions (Dkt. #71).

### A. The Parties' Positions.

Plaintiff's Motion arises out of Lyon's failure to comply with his discovery obligations, as set forth more fully in the court's prior Order (Dkt. #69) and the findings of fact above. Plaintiff contends Lyon's June 4, 2012, supplemental production is incomplete because he has not produced any documents related to OIC's financial backing or documents related to Defendant Oceania's annual revenue. Plaintiff contends Lyon's production of documents regarding OIC's annual revenue are also incomplete because Lyon has not provided any documents from 2008, and he has not produced documents explaining OIC's change in assets.[1] Plaintiff requests that the court enter default judgment

---

[1] Plaintiff asserts that Lyon has not produced documents explaining how in 2009, OIC had $389,655.00 in assets, to then acquiring a $15,000,000 "Note receivable." Lyon has not provided any information about the "Note receivable," showing how OIC obtained it, whether it was paid, whether it

1  against Lyon for his failure to produce discovery in compliance with the court's Orders and his
2  discovery obligations under the Federal Rules of Civil Procedure.
3     Lyon responds that Plaintiff's Motion is premature. Although Lyon "does not deny he has yet to
4  supply the requested documents that relate to the financial conditions" of OIC or Oceania, he contends
5  that the court has not yet made any recommendation for default judgment. Opposition at 3:11-14. He
6  correctly points out that the undersigned does not have jurisdiction to enter an order on a dispositive
7  motion like the Motion for Sanctions, and that Lyon is entitled to make an objection to any such
8  recommendation. Lyon states that his "counsel is prepared to provide specific objections to a Report
9  and Recommendation when one is so entered." Opposition at 6:12-14. He does not otherwise oppose
10 the motion on the merits.
11    Plaintiff replies it is seeking a recommendation that default judgment be entered against Lyon.
12    **B.     Analysis & Discussion.**
13    Despite repeated warnings and Orders from the court, Lyon has not fully complied with written
14 discovery requests, which Plaintiff served November 15, 2011. After being urged to comply, warned
15 and  threatened with case-dispositive sanctions, Lyon made some efforts to locate and produce some
16 responsive documents; however, he has still not conducted a complete, timely, and diligent search for
17 responsive documents in his care, custody, or control. He produced documents to his counsel without
18 reviewing them, and many of the supporting documents produced during his deposition were missing.
19 He has not complied with multiple court orders requiring him to specify what efforts he made to
20 produce responsive documents to Plaintiff.
21    Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to impose sanctions on a
22 party's motion or on its own, including any sanctions authorized by Rule 37(b)(2)(A)(ii-vii), if a party
23 or its attorney fails to obey a pretrial order. *Id.* Additionally, Rule 37 allows the court to enter
24 sanctions against a party for failure to obey a discovery order. The available sanctions include, among
25 other things, striking a party's pleadings in whole or in part; or entering a default judgment against the
26 disobedient party. Fed.R.Civ.P. 37(b)(2)(A)(iii), (vi). Lyon has failed to comply with multiple

---

28 was sold, or whether it was otherwise disposed.

discovery orders after being repeatedly warned that sanctions, including case-dispositive sanctions would be entered if he failed to comply.

It is undisputed that Lyon has failed to comply with multiple court orders. Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to comply with reasonable case management orders of the court to insure that they "fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Matter of Sanctions of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1994) (en banc). The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); see also advisory committee's note to Fed.R.Civ.P. 16 (stating "explicit reference to sanctions reinforces the rule's intention to encourage forceful judicial management"). Violations of Rule 16 are neither technical nor trivial. *Martin Family Trust v. Heco-Nostalgia Enterprises, Co.,* 186 F.R.D. 601, 603 (E.D. Ca. 1999). Rule 16 is critical to the court's management of its docket and prevents unnecessary delays in adjudicating cases. *Id*. The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted). Disregard of a court order undermines the court's ability to control its docket and rewards the indolent and cavalier. *Id*. The court finds that Lyon's repeated non-compliance with this court's pretrial discovery Orders, warrants case-dispositive sanctions.

The Ninth Circuit has enunciated a five-factor test to determine when imposing the "harsh penalty" of case-dispositive sanctions is warranted. *See Henry v. Gill Indus.,* 983 F.2d 943, 948 (9th Cir. 1993) (citing *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991)). The district court must evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The key factors are prejudice and the availability of less drastic sanctions. *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990); *See also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990), *cert. denied,* 498 U.S. 1109 (1991) (district court properly considered all of defendant's misconduct during discovery in ordering default judgment).

Where a court order is violated, the first two factors support sanctions, and the fourth factor cuts against entering default judgment. *Ariana,* 913 F.2d at 1412. Here, Lyon violated the undersigned's Orders (Dkt. #44, 50, 68, 69) directing him to provide complete supplemental discovery responses. Thus, the first two factors support entering default against Lyon.

With respect to the third factor, Plaintiff has been prejudiced by Lyon's failure to comply with his discovery obligations. *Id.* (citing *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982) (failure to produce documents is sufficient grounds to find prejudice)); *see also Henry,* 983 F.2d at 948 (citing *Adriana*, 913 F.2d at 1412, and noting a "defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case"). Defendant Dennis Lyon's conduct has interfered with the orderly resolution of this case, has been prejudicial to Plaintiff's participation in discovery and prosecution of this matter, and has increased the costs in this litigation. Lyon's failure to comply with simple and direct Orders of this court has delayed this case and interfered with the court's management of its docket, needlessly multiplied these proceedings and wasted the resources of opposing counsel and the court. Thus, the court finds the third factor weighs in favor of case-dispositive sanctions.

The fifth factor supports entering case-dispositive sanctions where the court has: (a) explicitly discussed the feasibility of less drastic sanctions, explaining why they are not feasible; (b) implemented alternative sanctions before ordering dismissal; and (c) warned the party of the possibility of dispositive sanctions before ordering them. *Id.* (citing *Malone v. United States Postal Service,* 833 F.2d 128, 132 (9th Cir. 1987), *cert. denied sub nom Malone v. Frank,* 488 U.S. 819 (1988)). Despite this elaboration on the fifth factor, however, the Ninth Circuit has found it is "not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley*, 158 F.3d at 1057 (citing *Ariana*, 913 F.2d at 1413, and noting "our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof"). The undersigned warned Lyon on multiple occasions from the bench and in a written Order (Dkt. #69) that his Answer (Dkt. #12) could be stricken and that default judgment could be entered against him. The court held off imposing

6

sanctions to allow Lyon to comply, indicating that his diligence in attempting to comply with his discovery obligations would be taken into account in determining what sanctions were appropriate. When counsel for Lyon was unable to address what efforts Lyon had made to comply with the court's orders the court directed that Lyon's telephonic deposition be taken to determine what efforts he had made to comply. The court expected that Lyon's deposition would clarify, narrow and potentially eliminate further motion practice. It did not. Rather, it illustrated the half hearted efforts Lyon took to comply after being warned of potential case-dispositive sanctions. Despite repeated opportunities to comply and repeated warnings, Lyon has still not complied with the court's Orders. He admits that he has yet to supply the requested documents that relate to the financial conditions of Oceania and OIC. *See* Opposition at 3:10-13. Under these circumstances, less drastic sanctions are unlikely to compel compliance.

Case-dispositive sanctions are appropriate where four factors support them, or where at least three factors "strongly support" them. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Thus, it is recommended that Defendant Dennis Lyon's Answer (Dkt. #12) be stricken and default judgment entered against him. Defendant Dennis Lyon's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than striking his Answer and entering default judgment are unavailable because Lyon has wilfully refused to comply with multiple court Orders and the Federal Rules of Civil Procedure.[2]

For all of these reasons,

///

///

---

[2] The court also notes that by failing to respond to the merits of the Motion for Sanctions, Lyon has consented to the granting of Plaintiffs' request for case-dispositive sanctions. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion").

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (Dkt. #71) is GRANTED.

**IT IS RECOMMENDED:**

1. Defendant Dennis Lyon's Answer (Dkt. #12) be STRICKEN and that DEFAULT JUDGMENT be entered against Defendant Dennis Lyon for his willful failure to comply with his discovery obligations and mutiple court orders.

Dated this 17th day of September, 2012.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　PEGGY A. LEEN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE