1
2
3
4      **UNITED STATES DISTRICT COURT**
5      **DISTRICT OF NEVADA**
6
7   ALUTIIQ INTERNATIONAL SOLUTIONS, LLC, )
                                              )      Case No. 2:11-cv-01104-GMN-PAL
8                            Plaintiff,        )
                                              )      **ORDER**
9   vs.                                        )
                                              )      (Mtn to Compel - Dkt. #80)
10  DENNIS LYON, et al.,                       )
                                              )
11                           Defendants.        )
                                              )
12  _____)

13          The court held a hearing on Defendant Dennis Lyon's Motion to Compel (Dkt. #80)[1] on August

14  28, 2012.  Mark Rosencrantz appeared on behalf of Plaintiff Alutiiq International Solutions, LLC, and

15  Jeffrey Cogan appeared on behalf of Dennis and Ruth Lyon.  The court has considered the Motion,

16  Plaintiff's Opposition (Dkt. #83), the Declaration of Mark Rosencrantz in Support of the Opposition

17  (Dkt. #84), and the Lyon Defendants' Reply (Dkt. #85).

18  **I.     Factual Background.**

19          On February 23, 2012, the Lyon Defendants propounded written interrogatories and requests for

20  production of documents on Plaintiff by U.S. mail and email to Plaintiff's counsel, Mr. Rosencrantz,

21  and by mail to Plaintiff's local counsel.  On April 3, 2012, Plaintiff responded to the requests for

22  production of documents.  Lyon contends Plaintiff's responses are inadequate because Plaintiff has not

23  specified which documents are responsive to which request as required by Rule 34(b)(2)(B).  Further,

24  Plaintiff has not responded at all to the Lyon Defendants' interrogatories, and responses were due

25  March 27, 2012.  On April 20, 2012, defense counsel sent a letter to Mr. Rosencrantz inquiring about

26  the status of Plaintiff's responses to the Lyon Defendants' interrogatories and requested a time and date

27

28          [1]Although the caption relates that it is Dennis Lyon's Motion, the Motion itself seeks relief on
    behalf of Dennis Lyon and his wife, co-Defendant Ruth Lyon.

to meet, inspect, and copy the documents in Plaintiff's counsel's office.  On May 8, 2012, Mr. Rosencrantz advised defense counsel that responsive documents were still being organized at Plaintiff's Alaskan headquarters, and they would be made available for inspection and copying as soon as possible.  Mr. Cogan told Mr. Rosencrantz that he could travel to Alaska between July 2 and July 6, 2012, to inspect the documents.  On June 15, 2012, Mr. Cogan spoke to Plaintiff's counsel again, and Mr. Rosencrantz said if he could get the documents from Plaintiff, Mr. Cogan would not need to travel to Alaska.  Mr. Rosencrantz advised Mr. Cogan that he was not going to answer the pending discovery due to the impending default of Dennis Lyon.  Counsel engaged in the meet and confer process regarding Plaintiff's refusal to respond to the Lyon Defendants' outstanding discovery requests.  The instant Motion to Compel followed.

## II.   The Parties' Positions.

The Lyon Defendants contend Plaintiff should be required to answer their interrogatories.  The Motion asserts Plaintiff has cited no authority to justify a party's refusal to respond to discovery requests where the propounding party faces a default judgment.  The Lyon Defendants contends Plaintiff should have sought a protective order rather than refused to comply with its discovery obligations.  Additionally, Plaintiff's arguments do no relieve its obligation to respond Ruth Lyon's discovery requests.  She has not engaged in the same conduct as Dennis Lyon and is not in danger of having default judgment entered against her.

Plaintiff opposes the Motion and renews the request made in its Motion for Attorney's Fees (Dkt. #72) that Dennis Lyon be prohibited from pursuing discovery in this case until the court determines whether to enter default judgment against Dennis Lyon.  Plaintiff asserts Dennis Lyon has engaged in a repeated, deliberate pattern of delay in this case and related matters that violates Rule 1 of the Federal Rules of Civil Procedure.  Moreover, Plaintiff has produced 253 pages of documents to the Lyon Defendants to support its claims.

Dennis and Ruth Lyon reply that Plaintiff should be required to specify which of the documents it produced are responsive to which request as required by Rule 34 of the Federal Rules of Civil Procedure.  Plaintiff should also be required to respond to the Lyon Defendants' interrogatories.  Finally, Plaintiff has not addressed its obligation to respond to Ruth Lyon's written discovery requests,

1    and the court should compel Plaintiff to respond.  The Reply clarifies that the Lyon Defendants are not

2    seeking sanctions against Plaintiff.

3    **III.    Analysis.**

4          The court has discussed at length in other Orders and a Report of Findings and

5    Recommendation Mr. Lyon's many failures to comply with his discovery obligations and this court's

6    Orders.  The court has now recommended to the district judge that Mr. Lyon's Answer (Dkt. #12) be

7    stricken and that default judgment be entered against him.  Generally, it is not a defense to a motion to

8    compel discovery to argue that an opposing party has been equally (or more) non-compliant in its

9    discovery obligations.  *See, e.g.,* 8A The Late Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.*

10   § 2035 (3d ed. 2012) ("a party may not remain completely silent when it regards discovery as improper.

11   If it desires . . . not to respond it must object properly or seek a protective order"); *see also* Fed.R.Civ.P.

12   33(a) advisory committee's note to 1970 amendment (stating "the responding party who believes that

13   some parts or all of the interrogatories are objectionable may choose to seek a protective order under

14   new Rule 26(c) or may serve objections under this rule" and "[u]nless he applies for a protective order,

15   he is required to serve answers or objections"); Fed.R.Civ.P. 37(d) and advisory committee's note to

16   1970 amendment (stating a party may not remain silent even when it regards a set of interrogatories or

17   requests for production of documents as improper or objectionable, and "[t]he party from whom

18   discovery is sought is afforded, through Rule 26(c), a fair and effective procedure whereby he can

19   challenge the request made").  However, in this case Dennis Lyon has refused to comply with his

20   discovery obligations since November 2011 and has refused to obey at least five court Orders to

21   supplement his discovery responses.  Plaintiff has expended considerable resources to obtain routine

22   discovery from him.  Plaintiff also applied to the court for relief from responding to Dennis Lyon's

23   discovery requests during protracted and multiple hearings to compel Dennis Lyon to respond.  The

24   court finds  it would be inequitable to compel Plaintiff to incur the expense of responding to Dennis

25   Lyon's discovery requests, especially when the court has recommended that Dennis Lyon's answer be

26   stricken and default judgment entered against him.

27          Although equitable considerations excuse Plaintiff's compliance with respect to Dennis Lyon's

28   discovery requests, there is no excuse, equitable or otherwise, for Plaintiff's failure to comply with its

discovery obligations to Ruth Lyon.  Plaintiff named Mrs. Lyon as a Defendant in this case, and she is entitled to discovery.

Accordingly,

**IT IS ORDERED** that Defendants Dennis and Ruth Lyon's Motion to Compel (Dkt. #80) is GRANTED IN PART AND DENIED IN PART as follows:

1. The Motion is DENIED as to Defendant Dennis Lyon.

2. The Motion is GRANTED as to Defendant Ruth Lyon.  Plaintiff shall, no later than **October 2, 2012, at 5:00 p.m.,** provide its responses to Ruth Lyon's interrogatories. Additionally, Plaintiff shall, no later than **October 2, 2012, at 5:00 p.m.**, supplement its responses to Ruth Lyon's requests for production of documents to specify which of the documents it produced are responsive to which request in compliance with Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure.

3. Plaintiff shall also make arrangements to make responsive documents not produced in hard copy available for inspection and copying to counsel for Ruth Lyon at a mutually convenient date, time, and location.

Dated this 19th day of September, 2012.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4