# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALUTIIQ INTERNATIONAL SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:11-cv-01104-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| DENNIS LYON; RUTH CHAVEZ LYON; ) | |
| MELISSA SAN MARTIN; NATIVE AMERICAN ) | |
| FUNDS MANAGEMENT SERVICES; and ) | |
| OCEANIA INSURANCE CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Plaintiff Alutiiq International Solutions, LLC's ("Alutiiq") Refiled Motion for Entry of Default Judgment (ECF No. 54), and the Motion to Set Aside Default (ECF No. 55) filed by Defendants Native American Funds Management Services ("NAFMS") and Oceania Insurance Corporation ("Oceania") (collectively, "Entity Defendants"). Both motions have been fully briefed.

Also before the Court is the Report and Recommendation submitted by United States Magistrate Judge Peggy A. Leen, recommending that Defendant Dennis Lyon's Answer be stricken and that default be entered against him for willful failure to comply with discovery obligations and multiple court orders. (R&R, ECF No. 90.) Defendant Dennis Lyon filed an Objection (ECF No. 92) along with a Motion to Enlarge Time to file his objection by one day (ECF No. 93). Plaintiff filed a Response (ECF No. 95) to the objection, accompanied by a Declaration (ECF No. 96), and filed a response indicating non-opposition to the requested Motion to Enlarge Time (*see* Response, ECF No. 94).

## I.   BACKGROUND

Plaintiff initiated this action by filing a Complaint (ECF No. 1) against the Entity

Defendants and against husband and wife Dennis and Ruth Lyon ("Lyon Defendants") (collectively, "Defendants") on July 5, 2011.  Each defendant was served on July 22, 2011, with the exception of Ruth Lyon, who was served on July 17, 2011. (*See* Summons Returned Executed, ECF Nos. 18-21.)

The Entity Defendants did not file any motion or pleading in response to the Complaint. The Lyon Defendants, appearing *pro se*, each filed documents styled as "Answer & Motion to Dismiss" on August 15, 2011. (ECF Nos. 13, 16.)  The Court found that these documents were in the form of an Answer, not a Motion to Dismiss. (Order, March 19, 2012, ECF No. 52.) Because they were styled as an "Answer & Motion to Dismiss," however, the Clerk's Office had filed them as two separate documents each, one as an "Answer" and one as a "Motion to Dismiss." (*Id.*)  Nevertheless, the Court found that even if the Lyon Defendants did intend their Answer to serve the dual function of a Motion to Dismiss, the documents failed to include in support any memorandum of points and authorities as required by Local Rule 7-2(a). (*Id.*) Accordingly, to the extent that the documents filed by the Lyon Defendants were intended as motions to dismiss, the Court denied them for failure to file points and authorities in support of the motion. (*Id.*)

In the same Order, the Court addressed Plaintiff's Motion for Entry of Default Judgment (ECF No. 27) pursuant to Federal Rule of Civil Procedure 55(b)(2), which requires a party to apply to the court for a default judgment after the clerk enters an opposing party's default. (*Id.*) The Clerk's Entry of Default against the Entity Defendants was filed on August 18, 2011 (ECF No. 23), and Plaintiff's Motion for Entry of Default Judgment (ECF No. 27) was filed on August 30, 2011.  On September 26, 2011, Defendants' counsel filed a Notice of Appearance on behalf of the Entity Defendants and Dennis Lyon. (ECF No. 30.)  The following week Defendants' counsel filed a Notice of Appearance on behalf of Ruth Lyon. (ECF No. 32.) Although Defendants' counsel had implied that a motion to set aside the Clerk's Entry of

Default was forthcoming (*see* Notice of Appearance, 2:1 n.1, ECF No. 30) none had been filed as of the Court's March 19, 2012, Order (ECF No. 52), almost six months later.  Nevertheless, the Court denied Plaintiff's Motion for Default Judgment without prejudice so that the Entity Defendants could properly address the Clerk's Entry of Default and file a motion to set aside the default, if they wished to do so. (ECF No. 52.)

The Court permitted Plaintiff to re-file the motion for default judgment after the expiration of fourteen days from the date of the Monday, March 19, 2012, Order. (*Id.*)  Plaintiff re-filed the instant Motion for Default Judgment (ECF No. 54) on Tuesday, April 3, 2012, which was after the expiration of fourteen days from the date of the March 19, 2012, Order.  On the same day, the Entity Defendants filed the instant Motion to Set Aside Default (ECF No. 55).

## II.   LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  A default judgment can then be entered by the clerk or by the court, according to specified criteria. Fed. R. Civ. P. 55(b).  "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

"If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

These may include:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

|       |                                                                            |
| ----- | -------------------------------------------------------------------------- |
| (v)   | dismissing the action or proceeding in whole or in part;                   |
| (vi)  | rendering a default judgment against the disobedient party; or             |
| (vii) | treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. |

Fed. R. Civ. P. 37(b)(2)(A).  "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Also, if a party "fails to obey a scheduling or other pretrial order," "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1)(C).  "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge. 28 U.S.C. § 636(b); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *Id*.

## III.   DISCUSSION

### A.   Defendant Dennis Lyon's Objections to Judge Leen's R&R

In the R&R, Judge Leen granted Plaintiff's Motion for Sanctions (ECF No. 71), and then recommended that Defendant Dennis Lyon's Answer (ECF No. 12) be stricken and that default be entered, pursuant to Plaintiff's request. (ECF No. 90.)  Judge Leen found that "Lyon has failed to comply with multiple discovery orders after being repeatedly warned that sanctions, including case-dispositive sanctions would be entered if he failed to comply," and that this

"repeated non-compliance with this court's pretrial discovery Orders, warrants case-dispositive sanctions." (R&R, 4:26–5:1-2, 5:17-18, ECF No. 90.)  Judge Leen found that "less drastic sanctions are unlikely to compel compliance," and that "Defendant Dennis Lyon's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice." (R&R, 7:16-19.)  In the R&R, Judge Leen referred to her written Order (ECF No. 69), entered May 23, 2012, which memorialized her May 21, 2012, hearing, and documented the parties' discovery disputes, and included admonitions and warnings to Defendant Dennis Lyon. (*Id*.)  Judge Leen also made findings of fact. (*Id*. at 1-3.)

    In his Objection to Judge Leen's R&R, Defendant Dennis Lyon argues that the Court should not adopt Judge Leen's findings and recommendation because Judge Leen failed to make a finding of fact relating to his willfulness, bad faith and fault. (ECF No. 92.)  He also objects that Judge Leen did not consider less drastic sanctions than default. (*Id*.)  Furthermore, he argues that if the Court "determines that it must issue a sanction against Dennis Lyon, he contends that the appropriate sanction would be an order that designated facts are taken as true as Plaintiff contends." (*Id*. at 12:18-21.)

    Here, Defendant Dennis Lyon appears to object to the entirety of Judge Leen's Report. Accordingly, the Court has reviewed *de novo* the entirety of the record upon which Judge Leen's Report relied, and the Report itself.  Upon such review, the Court has determined that Judge Leen's findings are thoroughly supported by the record, and will accept the findings in full.  The Court finds that case-dispositive sanctions against Defendant Dennis Lyon are appropriate, and will order that his Answer (ECF No. 12) be stricken, and that the Clerk shall enter default against him.

/ / /

**B.   The Entity Defendants' Motion to Set Aside Default**

"Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). "Once default judgment has been entered, relief is governed by Rule 60(b)." *Id.* Here, in determining whether to set aside the entry of default as requested by the Entity Defendants, the Court considers whether the Entity Defendants have shown good cause. "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). These three factors, taken from *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984), also govern relief under Rule 60(b)(1) based upon "excusable neglect" for setting aside a default judgment. *Brandt*, 653 F.3d at 1111.

Here, the entirety of the Entity Defendants' motion is littered with docket references to a separate, but related, case pending in the District of Nevada, filed by the same Plaintiff, *Alutiiq*, and in which counsel for the Entity Defendants, Jeffrey A. Cogan, Nevada Bar No. 4569, also represents the defendant, OIC Marianas Insurance Corporation, in that case. *See Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, No. 2:10-cv-01189-KJD-NJK (D. Nev. filed July 19, 2010). Apparently Mr. Cogan "inadvertently confused the facts of this case with the case of 10-1189, *Alutiiq International Solutions v. OIC Marianas Insurance Corporation*" and in the Reply "apologize[d] to the Court for page 16 and 17 of the Motion." (Reply, 11:24 n.1, ECF No. 64.) Despite this apology, the Court finds that the incorrect references to nonexistent parties and proceedings in this action were not limited to pages 16 and 17 of the motion, as discussed below.

1    Attached to the motion is a signed and sworn Affidavit from December 16, 2011, in

2  which Defendant Dennis Lyon asserts that he is "the 51% owner of OCEANIA INSURANCE

3  CORPORATION and sole owner of NATIVE AMERICAN FUNDS MANAGEMENT," the

4  Entity Defendants. (Aff. Dennis Joe Lyon, 2:¶1, ECF No. 55-1.)

5    In a signed declaration under penalty of perjury, Mr. Cogan states the following:

6    I believed in December 2011, that a second motion to set aside default could not
       be filed while a Motion requesting the same relief was pending as until the first
7       Motion was denied, the matter was not judicially ripe for a second motion.  Local
       Rule 7-2, governing motion practice, does not allow for the filing of supplements
8       to Motions and I believed that a second motion to set aside default would be an
       improper supplement.
9

10  (Mot. Set Aside, 18:¶2, ECF No. 55.)  In the Reply filed April 30, 2012, Mr. Cogan reiterated

11  this position by reference to his declaration. (Reply, 3:20-24, ECF No. 64.)  However, there is

12  no record in this docket of any motion to set aside default, aside from the instant motion, which

13  was filed on April 3, 2012.  Furthermore, Defendant Dennis Lyon's affidavit does not refer to

14  any motion to set aside default. (*See* Aff. Dennis Joe Lyon, ECF No. 55-1.)  In fact, the Clerk's

15  Entry of Default (ECF No. 23) as to the Entity Defendants was filed on August 18, 2011, three

16  days after the Lyon Defendants filed their "Answer & Motion to Dismiss" documents (ECF

17  Nos. 12-13, 15-16).  In the Notice of Appearance filed September 26, 2011, Mr. Cogan

18  represented that "[c]ommunication between Jeffrey A. Cogan and Kevin A. Rosenfield has

19  occurred relating to setting aside the default" against the Entity Defendants. (Notice of

20  Appearance, 2:1 n.1, ECF No. 30.)

21    Therefore, the Court finds that Mr. Cogan and the Entity Defendants were aware of the

22  August 18, 2011, Clerk's Entry of Default (ECF No. 23) as of September 26, 2011, at the latest,

23  and through Defendant Dennis Lyon upon service of the Clerk's Entry of Default (ECF No. 23)

24  in August 2011.  The instant Motion to Set aside Default (ECF No. 55) was filed on April 3,

25  2012, only after the Court denied Plaintiff's motion for default judgment and gave a deadline to

1   file the motion to set aside default (Order, ECF No. 52), which the Entity Defendants still

2   exceeded by one day.

3          On page 8 of the motion, the Entity Defendants argue that "if this Honorable Court

4   determines that there are grounds to set aside the default judgment under Rule 60(b), it must find

5   that the default should be set aside as well," and refer to "the Default Judgment [docket # 31]

6   entered on May 13, 2011" and to "defendant OIC Marianas Insurance Corporation." (Mot. Set

7   Aside, 8:15-17, 8:27-28, ECF No. 55.)  These references appear to be the product of confusion,

8   since no default judgment has been filed in this action, and the reference to docket #31 and to

9   defendant OIC Marianas Insurance Corporation appears to be related to the action before Judge

10   Dawson, *Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, No. 2:10-cv-01189-KJD-NJK

11   (D. Nev. filed July 19, 2010).  Without exception, the entirety of the argument section beginning

12   on page 10 of the motion also appears to refer to the action before Judge Dawson – at each

13   reference to a docket entry, in references to defendant OIC Marianas Insurance Corporation, and

14   to the litigation history of the case before Judge Robert J. Johnston. (*See* Mot. Set Aside, 10-18,

15   ECF No. 55.)  Accordingly, the motion is unhelpful to address the relief requested by the Entity

16   Defendants.  In the Reply, at least, the arguments do address the facts of the instant action.

17   However, after giving full consideration to the Entity Defendants' arguments in the Reply, and

18   taking account of all relevant facts, the Court agrees with Plaintiff that the default was a

19   consequence of culpable conduct by Defendant Dennis Lyon and the Entity Defendants, and that

20   Plaintiff will be prejudiced by setting aside the default.

21          In the action before Judge Dawson, which was filed in July 2010, Defendant Dennis

22   Lyon was made aware that a corporation may only appear through counsel when the attorney for

23   defendant OIC Marianas Insurance Corporation withdrew and Mr. Lyon was ordered by Judge

24   Johnston on April 11, 2011, to designate new counsel. *See* Mins. of Proceedings, April 11, 2011,

25   ECF No. 25, *Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, No. 2:10-cv-01189-KJD-

NJK (D. Nev. filed July 19, 2010).  This action was initiated on July 5, 2011. (Compl., ECF No. 1.)  In the action before Judge Dawson, a Clerk's entry of default and a default judgment had already been obtained against that defendant by the time the Clerk's Entry of Default (ECF No. 23) was entered in this action. *See* Clerk's Entry of Default, ECF No. 28, Default Judgment, ECF No. 31, *Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, No. 2:10-cv-01189-KJD-NJK (D. Nev. filed July 19, 2010).  Mr. Cogan had filed a motion to set aside the entry of default and the default judgment on October 6, 2011. *See id.* at ECF No. 37.  With these facts in mind, and considering the statement by Mr. Cogan in the September 2011 Notice of Appearance (ECF No. 30), the Court cannot find that the entry of default against the Entity Defendants was not a result of culpable conduct by Defendant Dennis Lyon and the Entity Defendants.

Because the Court finds that any merit to the Entity Defendants' defense is greatly outweighed by the culpability of the defendants and the prejudice to Plaintiff, the Motion to Set Aside (ECF No. 55) will be denied.

### C.   Plaintiff's Refiled Motion for Entry of Default Judgment

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).  As discussed above, the Court finds that entry of default is appropriate as to the Entity Defendants, and as to Defendant Dennis Lyon as well, although the instant motion for entry of default judgment was filed solely as to the Entity Defendants.  Since the facts alleged against these defendants may be taken as true, in order to enter default judgment, the Court must determine the appropriate amount of damages.

In the motion, filed April 3, 2012, Plaintiff refers to the default judgment entered by Judge Dawson against OIC Marianas Insurance Corporation at ECF No. 31 in *Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, No. 2:10-cv-01189-KJD-NJK (D. Nev. May 13,

2011), and explains that it "now seeks to obtain judgment against [the Entity Defendants], jointly and severally, for this same amount," referred to in the Complaint (ECF No. 1) at paragraphs 58 through 139. (Mot. Default J., 3:18-24, ECF No. 54.)  However, on August 2, 2012, Judge Dawson set aside the entry of default and the default judgment upon which Plaintiff relies. *See* Order, ECF No. 43, *Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, No. 2:10-cv-01189-KJD-NJK (D. Nev. August 2, 2012).  Because a final judgment has not yet been entered in that action, the Court finds that Plaintiff's request for damages by reference to Judge Dawson's prior order is insufficient to support the requested amount of damages.  Accordingly, the Court will deny the motion for entry of default judgment, without prejudice, so that Plaintiff may fully brief its request.

Because the action before this Court and the action before Judge Dawson, *Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, No. 2:10-cv-01189-KJD-NJK (D. Nev. filed July 19, 2010), appear to be related, the Court will also order the parties to comply with Local Rule II.7-2.1[1] of the Local Rules of Practice of the United States District Court for the District of Nevada.  Because the parties appear to represent that final adjudication of this action is

---

[1] This rule provides:

Counsel who has reason to believe that an action on file or about to be filed is related to another action on file (whether active or terminated) shall file in each action and serve on all parties in each action a notice of related cases.  This notice shall set forth the title and number of each possibly related action, together with a brief statement of their relationship and the reasons why assignment to a single district judge and/or magistrate judge is desirable.

An action may be considered to be related to another action when:
(a)     Both actions involve the same parties and are based on the same or similar claim;
(b)     Both actions involved the same property, transaction or event;
(c)     Both actions involve similar questions of fact and the same question of law and their assignment to the same district judge and/or magistrate judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or,
(d)     For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges. The assigned judges will make a determination regarding the consolidation of the actions.

D. Nev. R. II.7-2.1.  The Local Rules of Practice for the United States District Court for the District of Nevada are available at the website for the District of Nevada, http://www.nvd.uscourts.gov.

dependent upon the proceedings in the action before Judge Dawson, the parties are specifically directed to indicate whether assignment to a single district or magistrate judge is desirable, pursuant to the Local Rule.  Also, the parties are directed to comply with the requirements of the Local Rule as to any other related action.

**IV.    CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Set Aside Default (ECF No. 55) is **DENIED**.

IT IS FURTHER ORDERED that the Refiled Motion for Entry of Default Judgment (ECF No. 54) is **DENIED, without prejudice**.

IT IS FURTHER ORDERED that the Motion to Enlarge Time (ECF No. 93) is **GRANTED**.

IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 90) is **ACCEPTED and ADOPTED** to the extent that it is not inconsistent with this Order.

IT IS FURTHER ORDERED that the Answer (ECF No. 12) filed by Defendant Dennis Lyon shall be **STRICKEN**.

IT IS FURTHER ORDERED that the Clerk shall enter default against Defendant Dennis Lyon.

IT IS FURTHER ORDERED that the parties shall file a notice of all related cases pursuant to the requirements of Local Rule II.7-2.1, specifically indicating whether assignment to a single district or magistrate judge is desirable.  The parties shall file this notice by **April 5, 2013**.

DATED this 22nd day of March, 2013.

_____
Gloria M. Navarro
United States District Judge